# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Winford Bryant (#B-39313), ) | |
| ) | |
| Plaintiff, ) | No. 14 C 5384 |
| ) | |
| v. ) | Judge Charles R. Norgle, Sr. |
| ) | |
| Lake County Circuit Clerk, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Winford Bryant, an Illinois inmate currently incarcerated at the Menard Correctional Center, brought this 42 U.S.C. § 1983 action against the Lake County Circuit Clerk, alleging that the Clerk impeded Plaintiff's right of access to the Lake County courts. Specifically, Plaintiff alleges that the Clerk did not docket a notice of appeal that Plaintiff filed in his criminal case challenging the trial court's denial of Plaintiff's motion to preserve and produce evidence. Plaintiff alleges that he sent two letters to the Clerk's office about the notice of appeal, but as of the time he submitted his amended complaint in this federal action, Plaintiff had not received a response from the Clerk's office. This matter is before the Court on Defendant Lake County Circuit Clerk Keith Brin's motion to dismiss Plaintiff's amended complaint for failure to state a claim [14]. For the following reasons, the motion is granted.

## **Discussion**

It is well-established that *pro se* complaints are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *accord Zimmerman v. Tribble*, 226 F.3d 568, 571

(7th Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim, the Court takes the allegations in the complaint as true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A plaintiff may, however, plead himself out of court by pleading facts that show the claim he seeks to bring is without merit. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

When deciding a motion to dismiss for failure to state a claim, the Court may consider documents attached to the plaintiff's pleading without converting the motion into a motion for summary judgment. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012). The Court also may consider documents referenced in the plaintiff's pleading so long as the documents are central to the plaintiff's claims, *see Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), and the Court may take judicial notice of matters of public record, *see Wigod*, 673 F.3d at 556; *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). Matters of public record that the Court may consider include but are not limited to public court documents. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Defendant Brin challenges Plaintiff's amended complaint on three grounds. First, Defendant argues that Eleventh Amendment immunity precludes suit against him in his official capacity. Plaintiff, however, requests prospective injunctive relief—*i.e.*, "that the inventory sheet from the search of Yochica McGee blue 1996 oldmobile [sic] be turned over to me"—in addition to monetary damages. Although Defendant ultimately may not be the proper party to provide the relief requested and the requested relief may not even be appropriate in this case, Defendant made no arguments to that effect. Consequently, Defendant is not entitled to dismissal on the basis of sovereign immunity. *See Papasan v. Allain*, 478 U.S. 265, 276-78

(1986) (explaining that exception to rule that Eleventh Amendment bars official capacity suits against state exists where relief sought is for prospective injunctive relief against violations of federal law); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-103 (1984) (discussing exceptions to Eleventh Amendment immunity).

Second, Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff alleged no facts showing that Defendant can be held personally liable for the alleged failure of the Clerk's office to docket Plaintiff's notice of appeal. This argument has some merit. Section 1983 creates a cause of action based on personal liability and predicated upon fault, thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Plaintiff alleged no facts in his amended complaint showing that Defendant Brin, rather than unidentified Clerk's office staff, was responsible for the alleged failure to file Plaintiff's notice of appeal. Likewise, Plaintiff alleged no facts showing that Defendant Brin was aware of the issues Plaintiff experienced concerning his notice of appeal. Documents attached to Plaintiff's complaint show only that Plaintiff sent letters to the Clerk's office, in general; Plaintiff's letters were not addressed to Defendant Brin. Plaintiff therefore is not entitled to an inference that Defendant Brin was aware of his staff's alleged failure to properly handle Plaintiff's notice of

appeal. Defendant's motion to dismiss the personal capacity claims against him could be granted on this basis alone.

Third, and most compelling, Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff's denial of access claim is based on a frivolous underlying cause of action. In support of its argument, Defendant attached to his motion to dismiss a copy of a Lake County Circuit Court order dated August 8, 2014, denying Plaintiff's (or in the Lake County case, "Defendant's") notice of appeal. The order states: "Defendant's Notice of Appeal is denied, as it is not an appealable issue." Defendant Brin asks this Court take judicial notice of the August 8, 2014 order.

To state a denial of access claim, a plaintiff must identify in his complaint: (1) a non-frivolous underlying claim, (2) the official acts frustrating the litigation, and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *See Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002). A key element of a denial of access claim is that the state action must have hindered the plaintiff's efforts to pursue a non-frivolous legal claim and that, as a result, the plaintiff suffered some actual concrete injury. *Id.*

The Seventh Circuit has applied two approaches to analysis of denial of access claims, but under either approach Plaintiff's claim in this federal action fails. In *Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004) (per curiam), Judge Easterbrook reasoned that the state does not deprive a litigant access to its courts where there are avenues available to the litigant, through the state process, to correct mistakes made during litigation. Judge Easterbrook explained that where a litigant can ask a judge to direct the Clerk's office to file a pleading, access to the courts is not denied. *See id.* at 292-93. Judge Easterbrook further explained:

> [T]he Clerk of the Supreme Court returns, without filing, petitions that he believes to be untimely or procedurally deficient, *see* Sup. Ct. R. 1.1, and until a recent amendment to Fed. R. Civ. P. 5(e) clerks of other federal courts screened documents for compliance with the federal rules and returned those that flunked. (The Clerk of the Supreme Court of Illinois still has that authority. Ill. Sup. Ct. R. 131(a).) How can those gatekeeping steps, or [the state clerk's] similar act, be thought to deprive anyone of 'access' to the courts, given the litigant's opportunity to ask a judge to direct the clerk to accept and file the paper?

*Id.* at 292. Here, Plaintiff had at least two avenues available to him. First, Plaintiff could have resubmitted the notice of appeal for filing instead of sending letters to the Clerk merely inquiring about the status of his document and invoking language about alleged constitutional violations. Second, if resubmitting the notice of appeal failed, Plaintiff could have asked the judge in his criminal case to order the Clerk to file the notice of appeal. Plaintiff chose not to available himself of either option. Thus, under Judge Easterbrook's approach, Plaintiff has no claim. *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (holding that where "mistake was made or the [filings] mislaid at the clerk's office by the clerks . . . this lapse was a mere isolated incident of negligence and . . . does not rise to the level of a constitutional violation actionable under section 1983").

Nor does Plaintiff have a claim under the approach taken by the two other members of the *Snyder* panel—Judge Ripple and Judge Kanne—who concluded that denial of access claims must be grounded in a non-frivolous underlying claim as set forth in *Christopher v. Harbury*, 536 U.S. 403 (2002). Here, Plaintiff alleges that he was denied access to the Lake County courts when the Lake County Clerk failed to file Plaintiff's notice of appeal of the trial court's November 8, 2013 order denying Plaintiff's motion for preservation and production of evidence. But the order Plaintiff sought to appeal was not a final, appealable order. The copy of the trial court's order attached to Plaintiff's complaint shows that Plaintiff's motion for preservation and

5

production of evidence was brought under Illinois Supreme Court Rule 412, which governs discovery matters in criminal proceedings. *See* Ill. Sup. Ct. R. 412. Discovery orders generally are interlocutory in nature and not final, appealable orders. *See* Ill. Sup. Ct. R. 604 (setting forth the limited circumstances under which a criminal defendant may appeal a trial court's interlocutory rulings). The Lake County court's order dated August 8, 2014 (attached to Defendant Brin's motion to dismiss) explains as much. Plaintiff's argument that the August 8, 2014 order was issued eight months after he attempted to file his notice of appeal is of no consequence because the order from which Plaintiff sought appeal was not a final, appealable order at the time he first attempted to file the notice of appeal. Plaintiff therefore has no basis on which to bring a denial of access claim against the Lake County Clerk or his office. That is, Plaintiff was not entitled to appeal the trial court's November 8, 2013 order and thus the Clerk's failure to file the notice of appeal caused Plaintiff no harm.

## **Conclusion**

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim [14] is granted. Plaintiff's amended complaint is dismissed with prejudice. This dismissal counts as one of Plaintiff's three allotted dismissals under 42 U.S.C. § 1915(g). Plaintiff's motion for attorney representation [23] is denied as moot. This case is terminated.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The Court advises Plaintiff that, if he chooses to appeal, he will be responsible for paying the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corrections*, 150 F.3d 810,

812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate another strike under 28 U.S.C. § 1915(g).

Date: 2-17-15      /s/ *Charles Norgle*